UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                Docket No.:

          Plaintiff,

                **COMPLAINT**

  -against-


MARFI CONTRACTING CORP.,

          Defendant.
----------------------------------------------------------------X

      Plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against the defendant, Marfi Contracting Corp. ("Marfi"), alleges, upon information and belief, as follows:

## PARTIES

      1.     Plaintiff, American Empire, is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio.

      2.     Upon information and belief, and at all times relevant, defendant Marfi was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Richmond County.

## JURISDICTION

      3.     This action is brought pursuant to 28 U.S.C. §§1332, 2201, and 2202 based on the diversity of citizenship of the parties, on common law, and seeks declaratory relief.

      4.     The amount in controversy in this action exceeds the sum or value of $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as, upon information and belief, defendant's principal place of business is in Richmond County.

## FACTS

### The American Empire Policies

6. American Empire issued a Commercial General Liability insurance policy to Marfi, bearing Policy No. PL2644903, for the period November 26, 2018 to November 26, 2019 (the "Primary Policy").

7. The premium charged for the Primary Policy was to be computed as a percentage of Marfi's gross receipts during the policy period.

8. Based upon an estimate of the same, American Empire assigned an Advance Premium which was subject to adjustment if an audit by American Empire revealed that the gross receipts exceeded the initial estimate of the same.

9. In this regard, the Primary Policy provides, in relevant part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**5. Premium Audit**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

\* \* \*

10. The Primary Policy also contains an endorsement entitled: "Explanatory Policy Premium Endorsement", which provides, in pertinent part:

> The policy conditions relating to premiums shall be amended to incorporate the following:
>
> 1. It is understood and agreed that [the Primary Policy] is subject to a minimum policy premium as stated in the Declarations. If the policy remains in force until the expiration date of the policy, this minimum policy premium shall apply unless the audit condition of this policy develops a greater premium. In no event shall the premium be less than the minimum policy premium should the policy remain effective the complete policy term.
>
> \* \* \*
>
> This endorsement prevails over any conflicting provisions in the policy.

\* \* \*

11. The Common Policy Conditions to the Primary Policy also provide:

> **C. EXAMINATION OF YOUR BOOKS AND RECORDS**
>
> We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

\* \* \*

12. American Empire also issued an Excess Liability insurance policy to Marfi, bearing Policy No. XS2645069, for the same period (the "Excess Policy"). (The Primary and Excess Policies are collectively referred to as the "American Empire Policies").

13. Similar in fashion to the Primary Policy, the Advance Premium for the Excess Policy was to be computed as a percentage of gross receipts for Marfi and an Advance Premium was assigned based upon an estimate of Marfi's gross receipts for the coverage period.

14. Again, the Advance Premium was subject to adjustment if an audit by American Empire revealed that the gross receipts exceeded the initial estimate.

15. To that end, the Excess Policy provides, in pertinent part:

> **2. CONDITIONS**
>
> \* \* \*
>
> **B.** We will compute all premiums for this policy in accordance with our rules and rates.
>
> \* \* \*
>
> If this policy is subject to audit adjustment, the earned premium shall be computed in accordance with the rates and rating basis stated in the Declarations upon the expiration or cancellation of this policy. If the earned premium is more than the ADVANCE PREMIUM shown in the Declarations, you shall promptly pay the excess amount to [American Empire]…The first named insured must keep records of the information that [American Empire] need[s] for the earned premium computation, and send [American Empire] copies of those records at such times as [American Empire] may request. Any additional audit premium is due and payable immediately upon notice of such additional premium to the first named insured.
> \* \* \*

**Marfi's Failure to Pay Additional Premium**

16. Matson Driscoll & Damico LLP, on behalf of American Empire, performed an audit of the financial records of Marfi to determine its actual gross receipts during the policy period November 26, 2018 to November 26, 2019.

17. Pursuant to the audit, the additional premium owed under the American Empire Primary Policy was calculated to be $3,065,809, and the additional premium owed under the American Empire Excess Policy was calculated to be $1,226,323.

18. Based upon the audit conducted, the total due to American Empire for additional premium under the above-referenced American Empire Policies is $4,292,132. To date, however, despite due demand, American Empire has yet to receive payment for the same.

19. As such, the current outstanding additional premium for the American Empire Policy is $4,292,132. To date, however, despite due demand, American Empire has yet to receive payment for the same.

20. As such, the current outstanding additional premium for the American Empire Policies is $4,292,132.

## AS AND FOR A FIRST CAUSE OF ACTION

21. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

22. Via a letter dated November 20, 2023, the undersigned, on behalf of American Empire, demanded payment from Marfi in the total amount due under the American Empire Policies.

23. To date, however, American Empire has not received payment in the amount owed.

24. As a result of Marfi's refusal to pay the additional premium owed, American Empire has been damaged in the amount of $4,292,132, together with interest, costs, disbursements, and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

25. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

26. Marfi's failure to pay the additional premium due under the American Empire Policies violates the terms and conditions of the policies.

27. As such, American Empire respectfully requests that the Court declare that in the event Marfi fails to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Marfi, or any other person or entity seeking coverage under the American Empire Policies, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies.

## AS AND FOR A THIRD CAUSE OF ACTION

28. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

29. Marfi's failure to pay the additional premium due under the American Empire Policies constitutes a breach of Marfi's duty of good faith and fair dealing owed to American Empire with respect to the American Empire Policies.

30. As a result of Marfi's breach of its duty of good faith and fair dealing, American Empire has no obligation to defend and indemnify Marfi, or any other person or entity seeking coverage under the American Empire Policies, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies.

**WHEREFORE**, American Empire respectfully requests that:

(a) The Court enter judgment against Marfi in the sum of $4,292,132, plus interest, for the additional premium due and owing under the American Empire Policies;

(b) The Court enter judgment declaring that in the event Marfi fails to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Marfi, or any other person or entity seeking coverage under the American Empire Policies, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies, based upon Marfi's failure to comply with its obligations under the American Empire Policies;

(c) The Court enter judgment declaring that in the event Marfi fails to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Marfi, or any other person or entity seeking coverage under the American Empire Policies, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies, based upon Marfi's breach of its duty of good faith and fair dealing;

(d) American Empire be awarded the costs and disbursements of this action; and

(e) American Empire shall have such other, further and different relief as this Court may deem just and proper.

DATED: Melville, New York
November 27, 2023

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

*Maureen E O'Connor*

By: MAUREEN E. O'CONNOR
Attorneys for Plaintiff
American Empire Surplus Lines
Insurance Company
3 Huntington Quadrangle – Suite 102 S
Melville, New York 11747
Tel.: (516) 837-7432
moconnor@lbcclaw.com